**RICHHART, Plaintiff-Appellee, v. RICHARD, Defendant-Appellant.**

Ohio Appeals, Second District, Miami County.

No. 512.   Decided November 2, 1956.

Faust & Harrelson, Troy, for plaintiff-appellee.
McCulloch, Felger & Fite, Piqua, for defendant-appellant.

**OPINION**

By THE COURT:

This is an appeal on questions of law from a judgment of the Common Pleas Court of Miami County entered on a verdict of a jury rendered in favor of the plaintiff.

Plaintiff sued for damages for personal injuries arising out of an automobile collision. The facts as developed by the evidence may be stated briefly as follows: On December 2, 1950, at about four-thirty o'clock P. M., defendant was driving his car south on State Route No. 48 and as he approached the intersection with the Piqua-Versailles Road, a county road which intersected Route 48 at right angles, an automobile in which plaintiff was riding as a guest passenger was being driven in a westerly direction on said county road, and as it approached the intersection the driver attempted to stop at the said intersection in obedience to a stop sign, but because of the slippery condition of the road, the automobile skidded into the intersection and into the path of defendant's automobile and a collision occurred. There were patches of ice on the Piqua-Versailles Road, but no ice on State Route No. 48, although State Route No. 48 was wet from the melting of snow along the side of the road. After the collision, the defendant was thrown from his car which came to a stop on the west side of State Route 48 south of the intersection, and the car in which the plaintiff was riding came to a stop with the right side against a utility pole on the south west corner of the intersection about fifty feet from the point of impact. Plaintiff's testimony was to the effect that defendant was driving at a speed of 55 to 60 miles per hour and the driver of the car in which the plaintiff was riding slowed down upon approaching the intersection and upon reaching the intersection was traveling at a speed of about ten miles per hour.

The plaintiff in her petition charged four specifications of negligence.

1. That said defendant did not have his machine under control considering the nature of said intersection, the width and location thereof and further, considering the fact that there were icy patches on the highway at said time.

2. That said defendant was operating said machine at a high and unreasonable rate of speed, to-wit: more than 50 miles per hour.

3. Assured clear distance ahead.

4. Last clear chance.

Before trial the third specification was stricken and that part of the petition was so blotted out as to make it unreadable. At the conclusion of the evidence, upon motion of the defendant, the court withdrew from the consideration of the jury the first and fourth specifications of negligence and so instructed the jury. However, this part of the petition was not deleted, and the petition in its original form, with Specification of Negligence No. 3 blotted out, was sent to the jury room.

At the request of the defendant the court submitted to the jury two interrogatories which, together with the answers, are as follows:

1. Do you find that the plaintiff has proved by a preponderance of the evidence that Cletus F. Richard was negligent and that such negligence was a proximate cause of the accident?

Answer: Yes.

2. If your answer to question No. 1 is Yes, how was Cletus F. Richard negligent?

Answer: No control consideration road and weather conditions.

Since Specifications of Negligence Nos. 1, 3 and 4 had been stricken or withdrawn, the only charge of negligence left in the petition was Specification No. 2 which charged the defendant with excessive speed. The court charged the jury, also, on the question as to whether the defendant had failed to keep a proper lookout on the theory that this factual issue was made by the evidence. Inasmuch as Specification of Negligence No. 1 was withdrawn at the close of all of the evidence on the ground that there was no evidence to support the specification, as stated by the trial judge in the record, with which we agree, and to which ruling the plaintiff interposed no objection, the sole question for determination is whether the jury returned special findings with respect to either of the two charges of negligence on which the case was submitted.

The appellant contends that the answer to Interrogatory No. 2 does not respond to the two charges of negligence; that the evidence is insufficient to sustain the finding. Appellee contends that the jury's answer to Interrogatory No. 2 was tantamount to a finding as to excessive speed. It will be noted that there is no reference to speed in the answer. Appellant contends that the jury in answering Interrogatory No. 2 was responding to Specification No. 1, and that, therefore, the jury has failed to find the defendant guilty of either excessive speed or the failure to keep a proper lookout. "No control" are the key words in the answer.

The court charged the jury respecting the application of §6307-21 GC, which was in effect on the day of the accident, as follows:

"No person shall operate a motor vehicle, * * * upon the * * * highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface and width of the * * * and of any other conditions then existing."

Lack of control is associated with excessive speed. The explanatory words in the answer: "Consideration of road and other conditions" may well refer to the speed of the defendant's automobile, having regard to the surface of the highway and of any condition then existing, which could have application to the wet pavement. We conclude that the answer is not so inconsistent with or repugnant to the general verdict as to warrant a disturbance of the verdict. It is the duty of the court to harmonize, if possible, a special finding with the general verdict. Vol. 39, O. Jur., Sec. 441, page 1175; Klever v. Reid Brothers Express, Inc., 151 Oh St 467, 86 N. E. (2d) 608. Special findings of fact override the general verdict only when both can not stand together, and when the

230

special findings can not, by any hypothesis, be reconciled with the general verdict. **Gearhart v. Columbus Railway Power and Light Co., 65 Oh Ap 225, 29 N. E. (2d) 621. Salley v. Wagner, 90 Oh Ap 295, 105 N. E. (2d) 878.** In our opinion the special findings are supported by the evidence and can be reconciled with the general verdict.

Finding no error in the record prejudicial to the rights of the appellant, the judgment is affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.